**SIGNED THIS: March 2, 2012**

_____
**Mary P. Gorman
United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 10-71920 |
| MONICA LYNN MOFFETT, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

**O P I N I O N**

Attorney Larry Spears appeared pursuant to an Order to Show Cause issued by this Court *sua sponte* because of Attorney Spears' apparent violation of his duty to perform a reasonable investigation of the circumstances giving rise to the filing of the petition in this case. Based on Attorney Spears' affidavit filed in response to the Order to Show Cause and his presentation in open court on February 28, 2012, this Court must find that Attorney Spears did not meet his statutory obligations in this case and should be sanctioned.

**Factual and Procedural Background**

The underlying facts of this case which resulted in the issuance of the Order to Show Cause ("OTSC") to Attorney Spears are set forth in detail in *Swartz v. Moffett*, 2012 WL 359765 (Bankr. C.D. Ill. Feb. 2, 2012). In summary, the Debtor, Monica Lynn Moffett, filed a voluntary petition under Chapter 7 in June 2010 and failed to disclose both her right to receive over $55,000 in future structured settlement payments and her pending state court litigation with her ex-husband related to the disposition of proceeds she had received from a personal injury claim. After John Swartz, the Chapter 7 trustee, learned of the undisclosed structured settlement payments, he filed an adversary complaint objecting to the Debtor's discharge, which he prevailed on after trial. *Id.* at *5-6. Although the Court held the Debtor responsible for her own conduct, the Court also found that the legal representation the Debtor had received from Attorney Spears and his firm, Ostling & Associates, was "pitiful" and did not appear to be in compliance with the duties imposed by the Bankruptcy Code on attorneys representing Chapter 7 debtors. *Id.* at *6-7. Thus, the OTSC issued.

Prior to the hearing on the OTSC, Attorney Spears filed an affidavit which he stated was intended to "supplement and clarify the trial testimony" of Ostling & Associates' employees Denise Knoles and Justine Guthrie. In his affidavit, Attorney Spears asserted that the goal at Ostling & Associates is to provide high quality legal services, that he generally spends hours reviewing client information before cases are filed, and that non-lawyer staff of the firm "is prohibited from giving legal advice." Nevertheless, Attorney Spears also admitted in the affidavit that he neither met with the Debtor nor reviewed anything other than a bare list of her creditors before he filed this case. He argues in his affidavit that, because the Debtor wanted her case filed on an emergency basis to stop a wage garnishment, he did the best that he could do and believes that the little that he did was sufficient to meet his statutory obligations.

At the hearing on the OTSC held on February 28, 2012, Attorney Spears appeared along with Attorney Lars Eric Ostling. Attorney Ostling acknowledged that when a claim of emergency is made by a client, his office will file the case even if the client has provided only the minimal amount of information necessary to prepare just the bare bones petition and creditor list. Both Attorney Ostling and Attorney Spears expressed surprise that current law requires them to do an investigation of the facts of a case before filing, even when there is some claimed emergency reason to get the case on file in a hurry.

At the conclusion of the hearing, this Court stated that it would find that Attorney Spears had violated his duty to investigate the circumstances giving rise to the filing of this case before it was filed. The Court further stated that Attorney Spears would be sanctioned by having his electronic case filing privileges with this Court suspended for a period of six months and by being required to obtain continuing legal education in the areas of basic consumer bankruptcy and ethics and professional responsibility.

## Jurisdiction

This Court has jurisdiction of the issues before it pursuant to 28 U.S.C. § 1334. The particular matters here directly concern the administration of the bankruptcy estate and are, therefore, core proceedings. *See* 28 U.S.C. § 157(b)(2)(A).

## Legal Analysis

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added provisions to the Code imposing new duties on attorneys representing consumer debtors. In particular, §§ 707(b)(4)(C) & (D) were added and provide:

    (C) The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has—

        (i) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and

        (ii) determined that the petition, pleading, or written motion—

            (I) is well grounded in fact; and

            (II) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1).

    (D) The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

11 U.S.C. §§ 707(b)(4)(C), (D).

Since 2005, a number of courts have addressed the requirements of the new Code provisions in the context of attorney discipline for failure to properly represent clients. *See, e.g.*, *In re Kayne*, 453 B.R. 372 (9th Cir. BAP 2011)(attorney sanctioned over $20,000 for violations of § 707(b)(4)(D) where all assets were not scheduled); *In re Withrow*, 405 B.R. 505 (1st Cir. BAP 2009)(attorney sanctioned for failure to conduct proper investigation); *In re Alessandro*, 2010 WL 3522255 (Bankr. S.D.N.Y. Sept. 7, 2010)(attorney sanctioned for failure to conduct reasonable investigation). Other courts have continued to discuss the requirements for proper attorney representation of clients under Fed. R. Bankr. P. 9011. *See, e.g.*, *In re Nguyen*, 447 B.R. 268 (9th Cir. BAP 2011)(attorney sanctioned for allowing unqualified person to counsel debtors without meaningful supervision).

The problems in this case stem, in large part, from the practice of Ostling & Associates of utilizing inadequately trained and improperly supervised clerical staff to meet with and advise clients. Denise Knoles testified at trial that she met with the Debtor for an initial consultation in

March 2010 and identified the intake sheet on which she had written that the Debtor disclosed the structured settlement payments to her. Notwithstanding that disclosure and Attorney Spears' assertion in his affidavit that Ostling & Associates' staff does not give legal advice, Ms. Knoles admitted at trial that she advised the Debtor that she was a candidate for Chapter 7 bankruptcy and gave the Debtor a packet of forms to be filled out if she wished to proceed. When the Debtor decided to file in June 2010, Ms. Knoles told the Debtor in a series of emails that all she needed to "get a case number" was a list of her creditors, her credit counseling certificate, and the Ostling & Associates' fees. At Ms. Knoles' direction, the Debtor provided that limited information to Justine Guthrie, another Ostling & Associates clerical employee, and shortly thereafter, Attorney Spears signed her petition and this case was filed.

Attorney Spears justifies his failure to review Ms. Knoles' intake sheet because he says in his affidavit that it was "unavailable." He did not elaborate at the hearing on what he meant by "unavailable." Ms. Knoles testified at the earlier trial that, after initial consultations with potential clients, she sends the intake sheets to the main office of Ostling & Associates in Bloomington. Both Ms. Knoles and Ms. Guthrie testified that the intake sheets are stacked up in piles along a wall in that office. When asked at trial whether she locates and reviews the intake sheets for a returning client who decides to file, Ms. Guthrie laughed and stated that she did so only if she could find the sheet. Her testimony created the impression that the intake sheets are kept in large, disorganized piles and that Ostling & Associates' staff treats the intake sheets as somewhat of a joke.

The intake sheet for this Debtor was, however, located when requested to be produced as part of the discovery in the adversary proceeding regarding the Debtor's discharge. A copy of the Debtor's intake sheet was identified by Ms. Knoles and admitted into evidence at trial. Thus, it could not truly have been unavailable to Attorney Spears at the time this case was filed. It might still have

been in the possession of Ms. Knoles or it might have been in the pile of forms at the Bloomington office, but it is not disputed that it was in the custody and control of Ostling & Associates. There is no excuse for Attorney Spears' failure to locate the intake form and failure to review it before this case was filed, and it was his duty to do so. *See* 11 U.S.C. § 707(b)(4)(C).

Along the same lines, Attorney Spears argues now that he reviewed the limited information the Debtor provided before filing and that he should not be expected to have done more. What Mr. Spears misses, however, is that the Debtor provided exactly what she was told she had to provide to get her case filed. The fault for the lack of complete information rests with Attorney Spears for not insisting that clients he represents be told — and required — to bring in all necessary information before a case will be filed. He cannot absolve himself of the duty to conduct a reasonable investigation by affirmatively allowing clients to bring in only the bare minimum of information and then claiming that it is not his fault that he did not have sufficient information to review.

Implicit in the statutory obligation to do a reasonable investigation is the obligation to require clients to provide the information necessary to do that investigation. Mr. Spears says in his affidavit that the information provided by the Debtor "was so basic that I can state that I had no knowledge that it was incorrect or false." That may well be true, but it is also exactly the problem. Mr. Spears had a duty to find out more than just the basics that could be obtained from a list of creditors before he filed the case, and he ignored that duty. His failure to obtain more than the basic information resulted in incorrect and false documents being filed, and he bears responsibility for his role in those filings.

Attorney Spears attempts to deflect all responsibility for the problems in this case to the Debtor. He asserts multiple times in his affidavit that she could have asked to talk to him or another attorney if she had wanted to do so and that she was asked several times by staff if she had any

-6-

questions before her case was filed. Nothing in the statute, however, relieves any attorney of the duty to make a reasonable investigation or to otherwise provide competent representation simply because a debtor chooses not to request a meeting with the attorney and not to seek more information about the bankruptcy process. *See In re Love*, 461 B.R. 29, 32 (Bankr. N.D. Ill. 2011) (debtor's voluntary filing of Chapter 13 case did not excuse attorneys' incompetence in telling debtor that she was not eligible to file Chapter 7).

Based on all of the above, it is clear that Attorney Spears violated his obligations under § 707(b)(4)(C). It is also clear that the current practices and internal procedures at Ostling & Associates do not require all clients to provide Attorney Spears and the other attorneys in the firm sufficient information for them to comply with their statutory duties before cases are filed. Attorney Spears has previously been admonished by this Court that he is responsible for his own acts as an attorney and cannot rely on the inadequately-trained and unsupervised staff of his firm to do all the legal work for him. *See In re Delaney*, 2011 WL 1749596, at *4 (Bankr. C.D. Ill. May 6, 2011). Attorney Ostling has also been admonished that, as the owner of the firm, he has a duty to establish practices and procedures which allow the attorneys he employs to practice ethically and competently. *See In re Bardenshtein*, 2009 WL 722590, at *4 (Bankr. C.D. Ill. Mar. 17, 2009); *Delaney*, 2011 WL 1749596, at *4-5. Unfortunately, this Court's prior admonitions do not appear to have gotten the attention of either Attorney Spears or Attorney Ostling.

This Court must enforce the standards for practice required by the Code. Having previously warned Attorney Spears and having seen no change, sanctions must be issued for his violation of § 707(b)(4)(C). Attorney Spears' electronic case filing privileges in the United States Bankruptcy Court for the Central District of Illinois will be suspended immediately and shall remain suspended through and including August 30, 2012. Attorney Spears may request reinstatement of his privileges

on or after August 31, 2012, if he has completed at least four hours of continuing legal education, including three hours covering basic consumer bankruptcy issues and one hour covering ethics and professional responsibility issues.

    This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

    See written Order.

###